IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAWNA P. O/B/O A.C.,[1] a minor child, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:19-cv-00287 |
| | ) |
| ANDREW SAUL, Commissioner, Social Security Administration, | ) By: Elizabeth K. Dillon |
| | ) United States District Judge |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Shawna P., on behalf of A.C., a minor child, brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On August 4, 2020, the magistrate judge issued his R&R, finding that Commissioner's decision is supported by substantial evidence. (R&R, Dkt. No. 26.) Plaintiff filed a timely objection on August 18, 2020. (Pl.'s Obj., Dkt. No. 27.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

judgment, deny plaintiff's motion for summary judgment, and enter judgment in favor of the Commissioner.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report and recommendation. (*See* R&R 2–18.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (alterations in original) (citations omitted).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements). For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

**B. Plaintiff's Objections**

The ALJ found that A.C. suffered from the severe impairments of attention deficit hyperactive disorder (ADHD), early childhood psychosis, post-traumatic stress disorder (PTSD), anxiety disorder/obsessive compulsive disorder (OCD), and depressive disorder. (R&R 4; Tr. 278.) Next, the ALJ found that A.C. did not have an impairment that met or medically equaled a listed impairment. (R&R 4; Tr. 279.) Regarding A.C.'s mental impairments, the ALJ found that neither the paragraph B nor the paragraph C criteria were satisfied. (*Id.*)

The ALJ further evaluated the six functional domains. In determining whether an impairment functionally meets or equals one of the listings, the ALJ must consider six functional domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. The claimant's impairments must result in marked limitations in two domains or an extreme limitation in one domain in order to meet or equal one of the listings. 20 C.F.R. § 416.924(a)(D). The ALJ found A.C. to have no limitation in the domain of moving about and manipulating objects and less than marked limitations in the remaining domains. (R&R 4; Tr. 289–96.)

In her brief to the magistrate judge in support of summary judgment, Shawna argued that the ALJ's findings of less than marked limitations in the domains of acquiring and using

information, attending and completing tasks, interacting and relating with others, and health and physical wellbeing were not supported by substantial evidence. (Pl.'s Br. 40–53, Dkt. No. 15.) Shawna further argued that the ALJ's assessment of A.C.'s subjective complaints and allegations was not supported by substantial evidence. (*Id.* at 53–56.) Aside from agreeing with the R&R's conclusion that substantial evidence does not support the ALJ's conclusion that A.C. has less than marked limitations in the interacting and relating with others domain (R&R 27), Shawna's objections to the R&R largely restate those arguments. (*See* Pl.'s Obj. 1 ("The Report and Recommendation erred in concluding substantial evidence supports the ALJ's opinion that A.C. has a less than marked limitation in acquiring and using information."); *id.* at 4 ("The Report and Recommendation erred in concluding substantial evidence supports the ALJ's determination that A.C. has a less than marked limitation in attending and completing tasks.").) The court will not address arguments, such as the foregoing, that were thoroughly explored by the magistrate judge because the court finds that the magistrate judge and the ALJ applied the proper legal standards and substantial evidence supports the ALJ's analysis.

The court will, however, address specific objections to the R&R as they pertain to the functional domains mentioned above. Shawna argues that the ALJ failed to build a logical bridge between the evidence and his conclusion that A.C. has a less than marked limitation in acquiring and using information because of the ALJ's "erroneous assessment" of teacher questionnaires and "misinterpretation" of academic and intelligence testing. (Pl.'s Obj. 4.) The ALJ did build such a bridge; as the R&R notes, the ALJ "permissibly drew from the opinions of the state agency consultants, who found A.C. to have a less than marked limitation or no limitation in this area after extensively examining the evidence of record that existed at the time, and explained his reasons for doing so." (R&R 20.) Further, substantial evidence supported the

ALJ's evaluation of the teacher questionnaires (*id.* at 21) and the ALJ's description of test scores used terms derived from the applicable educational report (*id.* at 22.)  The court agrees with the magistrate judge that Shawna is inviting the court to reweigh the evidence and substitute its judgment for that of the ALJ.  This the court cannot do.  *See Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (citing *Hancock*, 667 F.3d at 472).

       Regarding the attending and completing tasks domain, Shawna argues that the R&R erred in concluding that the teacher evaluations support the ALJ's finding of less than marked limitations.  Specifically, Shawna objects to the R&R's assertion that only one teacher noted serious or very serious problems in this domain, citing three teacher evaluations that stated as much.  (Pl.'s Obj. 5 (citing Tr. 596, 605, 615).)  The R&R cited one of these evaluations (Tr. 605); the other two—noting a "serious problem" in completing class/homework assignments (Tr. 596), and a "very serious problem" in changing from one activity to another without being disruptive (Tr. 615)—do not undermine the ALJ's conclusion that the questionnaires "simply do not consistently identify a marked impairment in this area."  (R&R 24 (citing Tr. 288).)  None of the other ratings on these additional evaluations assessed a serious or very serious problem in any of the several other activities listed under the attending and completing tasks domain.  (*See* Tr. 596 (finding no problems in waiting to take turns and changing from one activity to another without being disruptive, and a slight problem in carrying out single-step instructions), 615 (finding no problems in focusing long enough to finish assigned activity or task, refocusing to task when necessary, and carrying out multi-step instructions, and slight problems in paying attention when spoken to directly, sustaining attention during play/sports activities, carrying out single-step instructions, organizing own things or school materials, and completing

class/homework assignments)).) And the ALJ cited several other evaluations in support of his conclusion that A.C. had less than marked limitations. (Tr. 287–88.)

Finally, Shawna objects to the R&R's conclusion that the ALJ's finding of less than marked limitations in health and physical wellbeing was supported by substantial evidence because the ALJ relied on state agency physician opinions given before the addition of significant medical evidence to the file, including inpatient psychiatric hospitalizations in August of 2016 and August of 2017. (Pl.'s Obj.6 (citing Tr. 1069–71, 1559–1609).) As the R&R explains, however, the "opinion as a whole" demonstrates that the ALJ addressed A.C.'s hospitalizations. (R&R 28–29 (citing Tr. 286 (noting in September 2017 that A.C. "had no further hallucinations since her hospitalization" and was "doing well and getting caught up on her school work").) The ALJ's finding of less than marked limitations in health and physical wellbeing was supported by substantial evidence in the record.

### III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Shawna's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment and deny Shawna's motion for summary judgment.

An appropriate order will be entered.

Entered: September 29, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge